1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7
8

ERNESTO MANJARES,                    )
                                     )
9                                    )
            Plaintiff,               )    No. CV-12-3086-LRS
10                                   )
      vs.                            )    **ORDER GRANTING**
11                                   )    **MOTION TO DISMISS,**
                                     )    **WITH LEAVE TO AMEND**
12                                   )
TASER INTERNATIONAL, INC.,           )
13  a Delaware corporation, CITY OF  )
    YAKIMA, YAKIMA POLICE            )
14  OFFICER MICHAEL GORDON,          )
    and DOES 1-5 inclusive,          )
15                                   )
            Defendants.              )
16  _____)
17
18          **BEFORE THE COURT** is the Defendant Taser International, Inc.'s,
19  Motion To Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R.
    Civ. P. 12(b)(6) (ECF No. 12).  Telephonic argument was heard on November 1,
20  2012.  Darryl Parker, Esq., argued for Plaintiff.  Steven A. Kraemer, Esq.,
21  argued for Defendant Taser International, Inc. ("Taser").
22          The remarks made by Plaintiff's counsel during the argument clarify what
23  was intended to be pled in the First Amended Complaint as a claim against
24  Taser.  Plaintiff will be given an opportunity to make that clarification in
25  writing through means of a Second Amended Complaint.
26
27
28

**ORDER GRANTING MOTION**
**TO DISMISS, WITH LEAVE TO AMEND- 1**

## I. BACKGROUND

A Yakima police officer used a Taser on the Plaintiff on August 15, 2011. Two Taser darts struck the Plaintiff.  When the officer removed the darts from the Plaintiff, he observed that the tip of one dart was missing.  Plaintiff required surgery to remove this tip which had penetrated his diaphragm.

Plaintiff's First Amended Complaint (ECF No. 11) asserts a 42 U.S.C. Section 1983 claim against the police officer and the City of Yakima for unreasonable use of force and negligence.  It also asserts a products liability claim against Taser International, Inc.  The court has subject matter jurisdiction over this claim pursuant to supplemental jurisdiction conferred by 28 U.S.C. Section 1367(a).

Plaintiff's First Amended Complaint was filed on August 20, 2012, not long after Defendant Taser had filed a motion to dismiss (ECF No. 7) Plaintiff's original Complaint (ECF No. 1).  This motion was superseded by the current motion which addresses Plaintiff's First Amended Complaint.

## II. 12(b)(6) STANDARD

A Fed. R. Civ. P. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief;

**ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 2**

therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).  The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).   The factual allegations must allege a plausible claim. *Ashcroft v. Iqbal*, _____ U.S. _____ , 129 S.Ct. 1937, 1951 (2009).

## III.  DISCUSSION

The First Amended Complaint alleges the officer used a Taser on the Plaintiff which had been manufactured by Taser International, Inc.:

> Taser is engaged in the business of manufacturing, distributing and selling electrical control devices ("ECDs"), including the Model X26 to law enforcement agencies throughout the United States as well as replacement cartridges for continuing use of the X26. **In connection therewith and to promote and encourage these ongoing sales of its replacement cartridges, defendant Taser makes representations regarding the potential risks and medical safety of its ECDs.** Defendant Taser has sold the Model [X26s] and replacement cartridges to the Yakima Police Department.  Taser has an ongoing duty to use reasonable and ordinary care in providing truthful and up-to-date training and medical information in connection with ongoing use of its products by various law enforcement agencies.

(First Amended Complaint at Paragraph 6, emphasis added).

### A.  Defective Design/Manufacturing

Paragraph 7 of the First Amended Complaint states that "[a]s alleged

ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 3

herein, Taser defectively manufactured and marketed the 'taser' ECDs
including selling such devices to the City of Yakima and its police department."
The First Amended Complaint offers no factual support for its conclusory
assertion that the ECDs are "defectively manufactured."  In Paragraph 36,
Plaintiff repeats, in conclusory fashion that Taser "knew, or should have known
in the exercise of reasonable care, [Taser ECDs] would be used without
inspection for defects or dangers in their parts, mechanisms or design."

During the telephonic argument, Plaintiff's counsel clarified that
Plaintiff's sole claim is based on the failure of Taser to provide adequate
warnings to the Yakima Police Department.  Therefore, in a Second Amended
Complaint, Plaintiff will omit any references to alleged defective design and/or
manufacturing.

### B.  Failure To Warn

Although Plaintiff makes no specific mention of Washington's Product
Liability Act (WPLA) in his First Amended Complaint, he quotes it in his
response to the motion to dismiss.  (ECF No. 19 at p. 6).

RCW 7.72.030, "Liability of manufacturer" provides in relevant part:

> (1) A product manufacturer is subject to liability to a claimant if
> the claimant's harm was proximately caused by the negligence
> of the manufacturer in that the product was not reasonably
> safe as designed or not reasonably safe because adequate
> warnings or instructions were not provided.
>
> . . .
>
> (b) A product is not reasonably safe because **adequate warnings
> or instructions were not provided with the product**, if, at the
> time of manufacture, the likelihood that the product would cause
> the claimant's harm or similar harms, and the seriousness of those
> harms, rendered the warnings or instructions of the manufacturer
> inadequate and the manufacturer could have provided the warnings
> or instructions which the claimant alleges would have been
> adequate.
>
> (c) A product is not reasonably safe because **adequate warnings
> or instructions were not provided <u>after</u> the product was**

**ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 4**

**manufactured** where a manufacturer learned or where a
reasonably prudent manufacturer should have learned about
a danger connected with the product after it was manufactured.
In such a case, the manufacturer is under a duty to act with
regard to issuing warnings or instructions concerning the
danger in the manner that a reasonably prudent manufacturer
would act in the same or similar circumstances. **This duty is
satisfied if the manufacturer exercises reasonable care to
inform product users.**

(Emphasis added).

Although Plaintiff concedes the WPLA is the exclusive remedy for
product liability claims, he contends "the omission of the words Washington
Product Liability Act" in his First Amended Complaint does not require
dismissal of his claims. Plaintiff asserts "[i]t is the substance of the allegations
that controls, not merely mention or invocation of the Washington Product
Liability Act" and that "[a] negligence claim is merely converted to a product
liability claim, not summarily dismissed."

Washington law recognizes only a single product liability cause of action
under the WPLA which preempts common law claims based on injuries caused
by allegedly harmful products. *Washington Water Power Co. v. Graybar Elec.
Co.*, 112 Wn.2d 847, 855 n. 4, 774 P.2d 1199 (1989); *Crittenden v. Fibreboard
Corp.*, 58 Wn.App. 649, 656 n. 9, 794 P.2d 554 (1990). From the face of
Plaintiff's First Amended Complaint, it appears Plaintiff is alleging a common
law claim of negligence. In a Second Amended Complaint, Plaintiff shall plead
his product liability claim pursuant to the specific provisions of the WPLA so
that the Defendant knows under what particular provisions of the statute the
Plaintiff is seeking to establish the Defendant's liability.

Paragraph 38 of the First Amended Complaint alleges in part:

Defendants' product is unreasonably dangerous and defective
for use on human beings because, among other reasons, it
was sold **without adequate warnings** as to the danger that probes
and or darts could penetrate and break off in the body of the
persons who are tasered. **To the extent that warnings were
given in a period of time after the sale, they were not
highlighted and specific and they were inadequate to properly**

**ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 5**

1      **put buyers on notice of the danger that caused the injuries
       herein**.  Taser had and has the ability **to provide adequate
2      warnings** regarding the breaking off of probes and their becoming
       lodged in the body of persons who are tasered to law enforcement
3      but has failed to do so.

4  (Emphasis added).

5          Paragraph 39 reiterates that Plaintiff's claim pertains to the adequacy of

6  the warnings provided by Taser regarding its product:

7          At all times herein mentioned, defendant Taser and Does 1-2
           negligently and carelessly marketed, warranted and advertised
8          their Taser ECDs, **and only recently placed a warning on the
           Taser website.  However, the warning was and is not adequate
9          and was not reasonably designed to notify law enforcement
           personnel of just how dangerous the use of tasers are and that
10         they were capable of causing, and in fact did cause, personal
           injuries to persons while being used in a manner reasonably
11         foreseeable, thereby rendering the product unsafe and
           dangerous for use in its intended manner.**
12
   (Emphasis added).
13
           Plaintiff's First Amended Complaint acknowledges there are law
14
   enforcement warnings on Defendant's website (Paragraph 39 of First Amended
15
   Complaint).  Attached to the Declaration of Anne M. Callahan (ECF No. 14) is
16
   a printout of website warnings which were effective on May 31, 2011, prior to
17
   the date of the incident involving the Plaintiff (August 15, 2011).  One of the
18
   warnings pertains to "Penetration Injury" and states:
19
20         The TASER probe has a small dart point which may cause
           a penetration injury to a blood vessel or internal organ (including
21         lung, bone, or nerve).  The probe or dart point (which may detach)
           can also become embedded into a bone, organ, or tissue, which
22         may require immediate medical attention, surgical removal, or
           may result in scarring, infection, or other serious injury.
23  (Ex. A to ECF No. 14 at p.6).

24         A plaintiff is not required to attach to a complaint the documents on

25  which it is based, but if he fails to do so, the defendant may attach to the

26  12(b)(6) motion the documents referred to in the complaint to show that they do

27  not support the plaintiff's claim.  *Galbraith v. County of Santa Clara*, 307 F.3d

28  1119, 1127 (9th Cir. 2002);  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

   **ORDER GRANTING MOTION
   TO DISMISS, WITH LEAVE TO AMEND- 6**

1994)(overruled on other grounds). Documents not physically attached to a
complaint may be considered on a Rule 12(b) motion to dismiss if: (1) the
complaint refers to such documents; (2) the documents are central to plaintiff's
claim; and (3) no party questions the authenticity of the copy attached to the
12(b)(6) motion. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th
Cir. 2011). This prevents "a plaintiff (from surviving) a motion to dismiss
simply by failing to attach a dispositive document on which it relied." *Pension
Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192,
1196 (3rd Cir. 1993). This "incorporation by reference" doctrine allows the
court to look beyond the pleadings without converting the 12(b)(6) motion into
a motion for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th
Cir. 2005).

Plaintiff's First Amended Complaint clearly refers to the warnings
contained on Defendant's public website. Those warnings are central to the
claim pled in Plaintiff's First Amended Complaint pertaining to the adequacy of
said warnings. The printout has been properly authenticated by Callahan based
on her personal knowledge acting as counsel of record for the Defendant. She
states under oath that the printout is a "true and correct" copy of the warnings
released May 31, 2011, and available on Defendant's public website. The
language related to "Penetration Injury" arguably does not support Plaintiff's
claim that the content of the Defendant's website warnings was inadequate.
Those warnings specifically state that the darts can detach and become
embedded in bone, organ, or tissue, possibly requiring surgical removal. As
Plaintiff's counsel made clear at oral argument, however, his claim is that even
if the content of the warnings was adequate, merely posting them on a public
website was inadequate to provide law enforcement, and specifically the
Yakima Police Department, with notice of the same.

**ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 7**

**IV.  CONCLUSION**

The court has "broad discretion in deciding whether to grant leave to amend and whether to dismiss . . . with or without prejudice."  *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011).

Within fifteen (15) days of the date of this order, Plaintiff shall serve and file a Second Amended Complaint which: (1) frames his failure to warn claim against Defendant Taser  pursuant to the provisions of the WPLA; (2) if Plaintiff continues to take issue with the adequacy of the content of the warnings provided by Defendant on its public website, provides specific allegations as to why the content is inadequate such that Plaintiff is subject to liability under RCW 7.72.030(1)(b) and/or (c); and/or (3) provides specific allegations as to how, per RCW 7.72.030(1)(c), the website warnings fail to satisfy Defendant's duty to exercise reasonable care to inform the Yakima Police Department of the dangers associated with use of the Taser.

Defendant Taser's Motion To Dismiss (ECF No. 12) is **GRANTED**.  The claims as pled against Defendant Taser in the First Amended Complaint are dismissed **without prejudice** and subject to Plaintiff's right to serve and file a Second Amended Complaint.

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to counsel of record.

**DATED** this____2nd___ of November, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION
TO DISMISS, WITH LEAVE TO AMEND- 8**